# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:09CV-P92-M

IRICKE MONTAGO CLAY                                            PLAINTIFF

v.

HENDERSON COUNTY JAIL *et al.*                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Iricke Montago Clay filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss some of the claims and allow others to proceed for further development.

## I. SUMMARY OF CLAIMS

Plaintiff is a prisoner currently incarcerated at the Fulton County Detention Center. His claims stem from his previous incarceration at the Henderson County Detention Center. He sues Henderson County Jailer Ron Herrington in his official capacity and Capt. Willit and Officer Render in their official and individual capacities. Plaintiff claims that he "was denied Rights to be present for a property sirtch of my property on 8-29-09." Plaintiff claims that he was immediately escorted out of the sight of cameras, other inmates, and officers. He states that he then became concerned for his safety and placed his hands behind his back and stood against the wall in a "nonthreataning submissive" position and asked for a supervisor. He claims that he was "peper sprayed slambed to the ground and handcuffed in a raceust and unprofissional manner that could have been handaled in a more respectable way."

Plaintiff also claims that he requested access to the law library and received no response. He also claims that he was denied access to work and therefore denied work credit. As relief, Plaintiff seeks $20,000 in money damages.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

**A.** **Official-capacity claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants are, therefore, actually claims against Henderson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is

3

designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to allege isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Henderson

4

County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Accordingly, the official-capacity claims against all Defendants will be dismissed.

**B.      Individual-capacity claims**

Plaintiff avers that he was denied the right to be present for a search of his property. "[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Likewise, there is no constitutional right of privacy in a prison cell. *Id.*; *Wilson v. United States*, No. 99-3347-GTV, 2001 U.S. Dist. LEXIS 9652 (D. Kan. June 26, 2001) (prisoner has no liberty interest in not having his cell searched without his consent). Therefore, Plaintiff's claim concerning the search of his cell does not give rise to a constitutional claim and will be dismissed failure to state a claim upon which relief may be granted.

Plaintiff's claim that he was denied access to the law library also fails. In order to state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal

citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Here, Plaintiff has not alleged that he was prevented from meaningfully accessing the courts. As such, he has not set forth a constitutional claim for interference with the courts and such claim will be dismissed.

Moreover, Plaintiff's claim that he was denied access to work and to work credit also fails because a prisoner does not have a constitutional right to prison employment or to a particular prison job. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989). Therefore, this claim will also be dismissed for failure to state a claim upon which relief may be granted.

Upon review, the Court will allow Plaintiff's excessive-force claims to proceed against Defendants Willit and Renner in their individual capacities. In so doing, the Court makes no determination on the ultimate outcome of the claims. The Court will enter a separate Scheduling Order to assist in the development of the remaining claims.

## IV. ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against Defendants Ron Herrington, Capt. Willitt, and Officer Render are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief. Further, Plaintiff's claims concerning the search of his cell, that he was denied access to the law library, and that he was denied access to work and to work credit are also **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be

granted. All claims against Defendant Herrrington having been dismissed, the Clerk of Court is **DIRECTED** to terminate him as a party to this action.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Henderson County Attorney
4414.010