UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:09CV-P92-M

**IRICKE MONTAGO CLAY**                                                              **PLAINTIFF**

**v.**

**HENDERSON COUNTY JAIL** *et al.*                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a *pro se*, *in forma pauperis* action under 42 U.S.C. § 1983 against Defendants Capt. Willett[1] and Officer Render alleging excessive force. This matter is before the Court on Defendants Willett and Render's motion for summary judgment (DN 16). The motion is ripe for decision. Upon review, for the reasons set forth below, the Court will grant Defendants Willett and Render summary judgment.

## I.

At the time pertinent to the complaint, Plaintiff was a convicted prisoner incarcerated at the Henderson County Detention Center. Plaintiff asserts that during a search of his property in August 2009 he was escorted out of the sight of cameras, other inmates, and officers. He states that he then became concerned for his safety and placed his hands behind his back and stood against the wall in a "nonthreataning submissive" position and asked for a supervisor. He claims that he was "peper sprayed slambed to the ground and handcuffed in a raceust and unprofissional manner that could have been handaled in a more respectable way."

---

[1]The complaint names "Capt. Willit" as a Defendant. In the motion for summary judgment, this Defendant spells his name "Willett." The Court will use the correct spelling of Defendant's name.

**II.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted, citing Fed. R. Civ. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**III.**

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

2

applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Of course, not "every malevolent touch by a prison guard gives rise to a federal cause of action," *id.* at 9, and "*de minimis* uses of physical force" do not support a constitutional claim "provided that the use of force is not a sort repugnant to the conscience of mankind." *Id.* at 10 (citations and internal quotation marks omitted). Furthermore, "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979).

In evaluating an excessive-force claim, the court should consider the extent of injury suffered by an inmate in determining whether the use of force was wanton and unnecessary, although "[t]he absence of serious injury . . . does not end [the inquiry]." *Hudson*, 503 U.S. at 7. Other relevant factors in evaluating an excessive-force claim include "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

The Supreme Court recently addressed the issue of *de minimis* injury in *Wilkins v. Officer Gaddy*, – U.S. –, 130 S. Ct. 1175 (2010). As it had in *Hudson*, the Supreme Court rejected the notion that a plaintiff must show "'significant injury'" as "a threshold requirement for stating an excessive force claim." *Id.* at 1178 (quoting *Hudson*, 503 U.S. at 7). However, "[t]his is not to say that the 'absence of serious injury' is irrelevant to the Eighth Amendment inquiry." *Id.* (quoting *Hudson*, 503 U.S. at 7). "'The extent of injury suffered by an inmate is one factor that
3

may suggest whether the use of force could plausibly have been thought necessary in a particular situation." *Id.* (citation and internal quotation marks omitted).

Defendants Willett and Render do not dispute that Plaintiff was pepper-sprayed and handcuffed. By affidavit, Defendant Render states that when he was conducting a search of Plaintiff's property Plaintiff came across the cell to him in an aggressive manner. Defendant Render told Plaintiff to back away, and Plaintiff refused to do so. Defendant Render and another deputy then escorted him into the hallway and asked him to face the wall and extend his arms so that Render could perform a pat-down search. Defendant Render states, "I advised [Plaintiff] that if he didn't cooperate and turn and face the wall I would use pepper spray on him. After repeated verbal directions to comply, [Plaintiff] refused to comply and made a combative stance toward me, then I pepper sprayed his face with a one second burst." Then Plaintiff "did not change position and at that time it became necessary to handcuff" Plaintiff. Defendant Render states that he and another deputy "took him to the ground" and handcuffed him. Defendant Render further states that Plaintiff did not require medical treatment following the incident. Defendant Willett was not involved in the pepper-spraying or handcuffing of Plaintiff. However, Defendant Willett conducted a disciplinary hearing of Plaintiff on September 1, 2009, and found Plaintiff guilty of disobeying an officer, disrupting facility activities, and interfering with the safety and security of the facility. Plaintiff has failed to produce any evidence to support the allegations in the complaint or to otherwise respond to the motion for summary judgment.

A short burst of pepper spray is not disproportionate to the need to control an inmate who has failed to obey an order. *See Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (holding that officers did not violate an inmate's Eighth Amendment rights when they pepper

4

sprayed him after he refused to obey orders); *Thomas v. Greene*, No. 99-3179, 1999 U.S. App. LEXIS 34054 (6th Cir. Dec. 17, 1999) (affirming dismissal of prisoner's excessive-force claim upon finding that he was uncooperative and threatening prior to being pepper sprayed); *White v. Fowler*, 881 F.2d 1078 (6th Cir. 1989) (holding that officer was entitled to summary judgment on Plaintiff's excessive-force claim even though Plaintiff was shackled when officer sprayed him with mace on a bus because the officer needed to restore "discipline and security to the bus"); *Williams v. Benjamin*, 77 F.3d 756, 762-63 (4th Cir. 1996) (holding that the use of chemical mace was not excessive when a prisoner disobeyed a guard's order); *Jones v. Shields*, 207 F.3d 491, 495-96 (8th Cir. 2000) (holding that correctional officer's use of a pepper-based chemical spray resulted in *de minimis* injury and was not "repugnant to the conscience of mankind" when used to subdue a "recalcitrant prisoner" locked in his cell or in handcuffs).

The Court finds that Defendant Render's use of pepper spray was used in response to aggressive and non-compliant behavior by Plaintiff and was preceded by verbal warnings to comply with the guards' directives. Defendant Render took Plaintiff to the ground and handcuffed him after Plaintiff continued to stand in a combative stance after the use of pepper spray. Moreover, Plaintiff did not require medical attention after the incident. Accordingly, the Court finds that the force used was not "a sort repugnant to the conscience of mankind," *Hudson*, 503 U.S. at 10 (citations and internal quotation marks omitted), and does not rise to the level of an Eighth Amendment violation.

**IV.**

For the reasons set forth above, **IT IS ORDERED** that the motion for summary judgment by Defendants Willett and Render (DN 16) is **GRANTED**. By separate Order, the Court will direct the Clerk to enter summary judgment in favor of Defendants Willett and Render.

Date:

cc:  Plaintiff, *pro se*
     Counsel of record
4414.010

6